## J. M. TRIGG v. HUGH BEMIS, ET AL.
## W. L. WELLER & SON v. SAME.

### Ante-Nuptial Contract—Creditor's Rights in Property.

Where a woman owns a store, and an ante-nuptial contract provides that it shall remain her property, and such store is conducted after marriage, the earnings of the wife under such a contract from the conduct of said store, as between her and her husband's creditors, can be subjected to the debts of the husband. The equity of the wife can only extend to the value of the stock on hand at the time of the ante-nuptial contract.

### Husband and Wife—Creditors.

When the wife undertakes to trade as a feme sole under an ante-nuptial contract, her services, or rather the profits made by her, are subject to the claims of her husband's creditors.

### APPEALS FROM LOUISVILLE CHANCERY COURT.

### June 15, 1877.

OPINION BY JUDGE PRYOR:

These causes have been submitted and are to be heard together.

The answer fails to allege with sufficient clearness that the property sought to be subjected is within the terms of or embraced by the antenuptial contract between the appellees. The proof indicates, however, that the note on Zanone was the property of the wife before the marriage, and the fact of her having united the husband with her in an action for its recovery and its replevy is no evidence of any surrender of her rights derived from the marriage contract. If she had converted it into money by its collection, or invested it in other property, her equitable right to it could not be disturbed.

As to the confectioneries and other property in the store it is admitted that they are not the identical articles of property owned by the wife at the time of the contract, and that she has been engaged in selling and replenishing the store, conducting the business as if she were a feme sole. The profits of the establishment may have been more than sufficient to repay the wife the full value of the goods she had on hand at the time of the marriage. She had no power to take as a feme sole unless in the manner provided by the statute. A contract between herself and husband cannot give her that right. All the earnings of the wife under such a contract as this, as between her and the husband's creditors, can be subjected to the debts of the husband. It therefore devolved upon the defendants to show that this stock of goods then on hand were exempt from the demands of

creditors. That they were not the identical goods embraced by the contract made out a case for the appellants, and the burden was on the appellees to show the exemption. The husband was entitled to all the profits, and the money expended in replenishing the stock was his. The equity of the wife can only extend to the value of the stock on hand at the time of the contract. If this was invested in the goods the wife to that extent must be reimbursed.

When the wife undertakes to trade as a feme sole under a contract of this sort her services, or rather the profits made by her, are subject to the claims of her husband's creditors.

In *Uhrig v. Horstman & Sons,* 8 Bush 172, it is expressly adjudged that under existing laws it is not within the power of the husband, by mere assent or even by an express agreement to that effect, to convert the wife's economy, or the profits of any trade or business he may permit her to carry on, into separate estate to be used and enjoyed by her to his exclusion. Nor does the statute exempting the value of the revenues of the wife due by her employer from the payment of the husband's debts affect the question involved here. When she embarked in mercantile transactions, conducting the business in her own name with the husband as salesman or clerk, or without the aid of his services, the statute points out the mode in which it is to be done so as to protect her interests. The judgment is reversed and cause remanded with directions to permit the answer to be amended and allow proof as to the profits realized from the sale of the goods, if any. This is to be deducted from the value of the goods on hand at the time the marriage contract was entered into, and, when deducted, the value of the goods on hand at the date of the contract (if they were sold and reinvested by the wife in the concern) less the profits, will be set apart to the wife or paid over to her out of the proceeds of sale. The case will go to a commissioner to ascertain these facts. Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*William Dickerson, Alexander, Baker & Reid, for appellants.*
*Elliott & Atchison, for appellees.*